LUANNE SACKS (SBN 120811)
lsacks@srclaw.com
**SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: 415-549-0580
Facsimile: 415-549-0640

Attorneys for Defendant
LifeLock, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIGEN SAHAKIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIFELOCK, INC., a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: **'16CV0222 H    DHB**<br><br>[San Diego County Superior Court Case Number: 37-2015-00042664-CU-MC-CTL]<br><br>**DEFENDANT LIFELOCK, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(A) (FEDERAL QUESTION)** |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT, THE PARTIES, AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453 Defendant LifeLock, Inc. ("LifeLock") hereby removes to this Court the state court action described below, pending as case number 37-2015-00042664-CU-MC-CTL in the Superior Court of California, County of San Diego ("State

---

DEFENDANT LIFELOCK, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
SECTION 1441(A) (FEDERAL QUESTION)

Court Action"). The following statement is submitted pursuant to 28 U.S.C. § 1446(a):

## I. FACTUAL BACKGROUND

1. On or about December 23, 2015, Plaintiff Kigen Sahakian ("Plaintiff") commenced the State Court Action in the Superior Court of the State of California for the County of San Diego, entitled *Kigen Sahakian, individually and on behalf of all others similarly situated, Plaintiff v. LifeLock, Inc., a Delaware Corporation, and Does 1-50, inclusive, Defendants.* As required by 28 U.S.C. § 1446(a), a copy of the docket and all process, pleadings, and orders served upon LifeLock with respect to the State Court Action are attached hereto as **Exhibit A**.

2. LifeLock first received notice of the State Court Action when it was served with Plaintiff's complaint (the "Complaint"), together with a Summons, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Notice of Eligibility To eFile and Assignment to Imaging Department, Alternative Dispute Resolution (ADR) Information Sheet, and Stipulation to Use of Alternative Dispute Resolution (ADR) Sheet on December 29, 2015. *See* Exhibit A. The Notice of Case Assignment and Case Management Conference indicated that the State Court Action had been assigned to the Honorable John S. Meyer and that a Civil Case Management Conference had been scheduled on July 1, 2016, at 9:45 a.m. in Department C-61 of the Superior Court of California, County of San Diego. *See id.*

3. Plaintiff, on December 30, 2015, filed and served on LifeLock a Peremptory Challenge requesting that the court issue an order reassigning the State Court Action to another and different judge for further proceedings pursuant to California Civil Procedure Code § 170.6—on the basis that the Honorable John S. Meyer was prejudiced against a party, the party's attorney, or the interests of the

DEFENDANT LIFELOCK, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
SECTION 1441(A) (FEDERAL QUESTION)

party or the party's attorney in the State Court Action such that a fair and impartial trial or hearing could not be heard. *See id.* This Peremptory Challenge was granted on January 4, 2016, and on that date, Presiding/Supervising Judge Jeffrey B. Barton reassigned the State Court Action to the Honorable Joan Lewis in Department C-65 of the Superior Court of California, County of San Diego. *See id.* On January 8, 2016, LifeLock was served with a Notice of Case Reassignment reflecting this change. *See id.*

4.   On January 11, 2016, LifeLock was served with a Notice of Hearing, informing LifeLock that a Civil Case Management Conference had been set in the State Court Action for June 17, 2016, at 11:15 a.m. in Department C-65 of the San Diego Superior Court. *See id.*

5.   Aside from the documents contained within Exhibit A, LifeLock has not been served with any other process, pleadings, or orders in the State Court Action. Correspondingly, apart from the Civil Case Management Conference that is set on June 17, 2016 (*see id.*), no other proceedings have taken place or been scheduled in the State Court Action.

## II.   GROUNDS FOR FEDERAL JURISDICTION AND REMOVAL

6.   Under 28 U.S.C. § 1331, this Court has original jurisdiction over one of Plaintiff's claims in that the Complaint alleges that LifeLock violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (it is "long settled law" that a cause of action arises under federal law when a plaintiff's well-pleaded complaint raises issues of federal law).

7.   Here, there is no question that Plaintiff's Complaint raises an issue of federal law on its face, thereby conferring original jurisdiction on this Court. *See*

DEFENDANT LIFELOCK, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
SECTION 1441(A) (FEDERAL QUESTION)

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (the well-pleaded complaint rule provides that federal jurisdiction exists when a federal question is presented "on the face" of the plaintiff's properly pleaded complaint).  According to the Complaint, Plaintiff purports to bring an action on behalf of a "TCPA class" defined as:  "All natural persons nationwide who, during the applicable statute of limitations, received a telephone call from defendants that: (1) was made to their cellular telephone; (2) was initiated using an automatic telephone dialing system and/or an artificial or prerecorded voice; and (3) was initiated at a time when the called party had not given defendants prior express consent (or, when required by the TCPA, prior express written consent) for such calls.  Excluded from the class are all employees of defendants, all attorneys and employees of plaintiff's counsel, and the judicial officers to whom this matter is assigned."  Complaint in Exhibit A, at ¶ 13.

8.      In particular, Plaintiff claims that "without first obtaining the requisite prior express consent (or, when required by the TCPA, prior express written consent) of plaintiff or the TCPA Class members, defendants initiated non-emergency telephone calls to plaintiff's and TCPA Class members' cellular telephones by means of an automatic telephone dialing system and/or an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b) and 47 C.F.R. 64.1200(a)."  *Id.* at ¶ 24.

9.      Furthermore, as a result of LifeLock's alleged conduct, Plaintiff seeks "pursuant to 47 U.S.C. § 227(b)(3) . . . injunctive relief and statutory damages of at least $500 per violation and up to $1,500 per violation."  *Id.* at ¶ 27; *see Beneficial Nat'l Bank*, 539 U.S. at 12 ("A federal question 'is presented' when the complaint invokes federal law as the basis for relief.").

10.     In addition, the United States Supreme Court, in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 753 (2012), definitively ruled that federal

district courts possess original federal question jurisdiction over private TCPA suits: "Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.  In the absence of direction from Congress . . . we apply the familiar default rule:  Federal courts have § 1331 jurisdiction over claims that arise under federal law."  Thus, under both the well-pleaded complaint rule and *Mims*, this Court has original jurisdiction over Plaintiff's TCPA claim.

11. As this Court has original jurisdiction over one of Plaintiff's claims (*see supra* ¶¶ 6-10), pursuant to the provisions of 28 U.S.C. § 1441(a), Plaintiff's State Court Action may be removed to this Court.  *See* 28 U.S.C. § 1441(a) (generally stating that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant"); *Mims*, 132 S. Ct. at 753.

12. Moreover, cases—such as Plaintiff's—alleging a TCPA violation are routinely removed from state to federal court within the Ninth Circuit.  *See, e.g., Lofton v. Verizon Wireless (VAW), LLC*, 308 F.R.D. 276, 280 (N.D. Cal. 2015) (noting as background that putative class action alleging California Penal Code §§ 630-38 and TCPA violations was removed from state court to federal court); *Craftwood II, Inc. v. Tomy Int'l Inc.*, No. SA CV 12-1710 DOC (ANx), 2013 WL 3756485, at *1 (C.D. Cal. July 15, 2013) (noting as background that class action alleging TCPA violations was removed from Orange County Superior Court to federal court on the basis of federal question jurisdiction); *Shupe v. JPMorgan Chase Bank of Ariz.*, No. CV 11-501-TUC-RCC (BPV), 2012 WL 1344786, at *1 (D. Ariz. April 18, 2012) (noting as background that action alleging TCPA violation was removed on the basis of federal question jurisdiction and denying motion for remand).

DEFENDANT LIFELOCK, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(A) (FEDERAL QUESTION)

13. Moreover, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's second remaining claim against LifeLock for violation of California Penal Code § 632.7. *See* 28 U.S.C. § 1367(a) (providing that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Supplemental jurisdiction exists where the state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.* Here, Plaintiff's TCPA and California Penal Code § 632.7 causes of action arise from a common nucleus of operative fact and would be expected to be tried together as both claims allegedly relate to—and originate out of—LifeLock's purported outbound call practices to cellular telephone numbers. *See generally* Complaint in Exhibit A.

### III. COMPLIANCE WITH REMOVAL STATUTE

14. <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is properly filed in this Court because the State Court Action by Plaintiff was filed in the Superior Court of the State of California for the County of San Diego, and the Superior Court of the State of California for the County of San Diego is located within this Court's jurisdiction. *See* 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."); *see also id.* at §§ 1441(a), 1446(a).

15. <u>Removal is Timely</u>. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty days of the date of service of process of

the State Court Action Complaint and Summons on LifeLock, which occurred on December 29, 2015.  *See* Exhibit A.

16.   <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a), a copy of the docket and all process, pleadings, and orders served upon LifeLock with respect to the State Court Action, which papers include the Complaint and Summons, are attached.  *See* Exhibit A.

17.   <u>Filing and Service</u>.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff in the State Court Action and a copy, along with a Notice of Filing of Notice of Removal, is being filed with the Clerk of the Superior Court of California, County of San Diego.  A copy of said Notice of Filing of Notice of Removal (without exhibits) is attached hereto as **<u>Exhibit B.</u>**

18.   <u>No Consent Needed</u>.  No other defendant's consent to federal jurisdiction is necessary given that LifeLock is the only defendant in the State Court Action.  *See* 28 U.S.C. § 1446(b)(2)(A).

19.   <u>Proper Signature</u>.  Counsel for Defendant hereby certifies, pursuant to 28 U.S.C. § 1446(a), that this Notice of Removal filed on behalf of LifeLock is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## **<u>CONCLUSION</u>**

20.   For the reasons set forth above, this action falls within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331, and therefore is properly removed under 28 U.S.C. §§ 1441, 1446, and 1453.

WHEREFORE, LifeLock removes to this Court the above action now pending in the Superior Court of the State of California, County of San Diego, by timely filing this Notice of Removal.

///
///
///

DEFENDANT LIFELOCK, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(A) (FEDERAL QUESTION)

Dated: January 28, 2016          SACKS, RICKETTS & CASE LLP

By: */s/ Luanne Sacks*
    LUANNE SACKS
    Attorneys for Defendant
    LIFELOCK, INC.